IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NELSON OLIVO, | : | |
| Petitioner | : | No. 1:25-cv-00939 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| WARDEN OF FCI SCHUYLKILL, | : | |
| Respondent | : | |

# MEMORANDUM

Presently before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Nelson Olivo ("Olivo"). For the reasons stated below, the Court will dismiss the petition and direct the Clerk of Court to close the case.

I.   BACKGROUND

On February 26, 2024, a jury sitting in the United States District Court for the Southern District of New York ("SDNY") found Olivo guilty of conspiracy to distribute or possess with intent to deliver five hundred (500) grams or more of methamphetamine, five hundred (500) grams or more of cocaine, and forty (40) grams or more of fentanyl (21 U.S.C. §§ 841(b)(1)(A), 846). See United States v. Olivo, No. 22-cr-00582-3 (S.D.N.Y. filed Nov. 13, 2022) ("Olivo I"), ECF No. 159.[1] On December 13, 2024, Olivo was sentenced to fourteen (14) years' incarceration, to be followed by five (5) years' supervised release. See id., ECF No. 222. On the

---

[1] The SDNY docket is a public record of which this Court can take judicial notice. See Orabi v. Att'y Gen., 738 F.3d 535, 537 n.1 (3rd Cir. 2014) (stating that the court "may take judicial notice of the contents of another [c]ourt's docket"); Wilson v. McVey, 579 F. Supp. 2d 685, 688 n.5 (M.D. Pa. 2008) (taking judicial notice of court docket).

same date, a forfeiture order was entered regarding a 2008 Dodge Challenger, a 2017 Hyundai Elantra SE, and $40,698. See id., ECF No. 223.[2]

A week later, Olivo filed a notice of appeal to the United Stated Court of Appeals for the Second Circuit. See id., ECF No. 224. This appeal is still pending with the Second Circuit. See United States v. Olivo, No. 24-3320 (2d Cir. filed Dec. 20, 2024). While this appeal has been pending, Olivo has filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), a motion to appoint counsel, a motion to return forfeiture under Federal Rule of Criminal Procedure 32, and a "Post Trial Motion for leave and a Pro Se Motion to Suppress all the Evidence Pursuant to Rule 41(g)(h)(i) [sic] and Return all Property set [sic] aside the conviction and [sic] Pursuant to Rule 26.1.26.2 [sic] 26.3. [sic] and Pursuant [sic] Rule 27." See Olivo I, ECF Nos. 239, 241–42. Those motions are still pending before the SDNY.

In addition to these filings, Olivo filed the instant Section 2241 habeas petition, which the Clerk of Court docketed on May 28, 2025. (Doc. No. 1.) In the petition, Olivo references his SDNY convictions, his sentence, and the forfeitures of the vehicles and United States currency. (Id. at 1–2.) Olivo then appears to request that this Court "suppress all evidence" in his SDNY criminal case. See (id. at 2). He next, in a mostly rambling and unintelligible fashion, purports to reference caselaw pertaining to Section 2241 habeas petitions and motions to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. (Id.) At the end of his petition, he asks this Court to release him from prison. (Id. at 3.)

---

[2] This forfeiture order also related to criminal cases against two (2) co-defendants who had been indicted along with Olivo. See id.

2

## II. LEGAL STANDARDS

### A. Screening of Habeas Petitions

District courts are obligated to screen habeas petitions pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. See R. 4, 28 U.S.C. foll. § 2254 ("The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the court must promptly examine it."). Rule 4 may be applied in habeas cases brought under Section 2241. See R. 1(b), 28 U.S.C. foll. § 2254 ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a))."). "[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Lonchar v. Thomas, 517 U.S. 314, 320 (1996); see also McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

### B. Section 2241 Habeas Petitions

Section 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate challenging "not the validity but the execution of [their] sentence." See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote omitted); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (stating that Section 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas"). While "the precise meaning of 'execution of the sentence' is hazy[,]" the phrase has been interpreted as to "put into effect" or "carry out." See Woodall, 432 F.3d at 242, 243 (citation omitted). As a result, a federal inmate may challenge conduct undertaken by the BOP that affects the duration of the inmate's custody. See, e.g., Barden v. Keohane, 921 F.2d 476, 478–79 (3d Cir. 1990) (finding that a federal

inmate's Section 2241 petition is actionable where the inmate attacks the term of their custody by challenging the manner in which the BOP is computing their federal sentence).

### III. DISCUSSION

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) ("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Federal prisoners may only challenge their conviction through a Section 2241 habeas petition if a Section 2255 motion is "inadequate or ineffective to test the legality of [their] detention." See 28 U.S.C. § 2255(e); see also Jones v. Hendrix, 599 U.S. 465, 474 (2023) (explaining that in enacting Section 2255 "Congress generally barred federal prisoners 'authorized to apply for relief by motion pursuant to' § 2255 from applying 'for a writ of habeas corpus' under § 2241[, but it]preserved the habeas remedy in cases where 'the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention'" (second alteration in original) (quoting 28 U.S.C. § 2255(e))).

To demonstrate that a Section 2255 motion is "inadequate or ineffective," the Section 2241 habeas petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording [them] a full hearing and adjudication of [their] wrongful detention claim." See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Significantly, Section 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." See id. at

539.  "It is the inefficacy of the [Section 2255] remedy, not the personal inability to utilize it, that is determinative."  Id. at 538.

Until 2023, courts in this circuit recognized an additional exception based on In re Dorsainvil, which allowed a prisoner who had previously filed a Section 2255 motion on other grounds to proceed under Section 2241 when the petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." See 119 F.3d 245, 251 (3d Cir. 1997).  The United States Supreme Court, however, later abrogated Dorsainvil.  See Jones, 599 U.S. at 477–78; see also Voneida v. Johnson, 88 F.4th 233, 235 (3d Cir. 2023) (acknowledging that Jones abrogated Dorsainvil).  Under Jones, Section 2255(e) "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition."  See id. at 471.

Here, Olivo seeks habeas corpus relief pursuant to Section 2241 seemingly based on claims relating to errors that allegedly occurred during his SDNY criminal case.  Such claims are properly raised as part of his appeal to the Second Circuit.  In addition, to the extent that Olivo's petition possibly raises sufficiency of the evidence claims, such claims are properly asserted in a Section 2255 motion in the sentencing court rather than through Section 2241 habeas corpus petitions.  See Day v. Samuels, 263 F. App'x 246, 248 (3d Cir. 2008) (unpublished) (concluding that sufficiency of evidence claim should have been asserted in Section 2255 motion rather than Section 2241 habeas corpus petition).  Overall, Olivo's attack on his prosecution, resulting conviction, sentence, and property forfeitures are attacks that should be asserted in the SDNY and the Second Circuit.  The substance of Olivo's arguments show that he is challenging the legality of his conviction and sentence rather the execution of the sentence. Accordingly, because

Olivo's claims are not cognizable in a Section 2241 habeas corpus petition, the Court will dismiss his petition for lack of subject-matter jurisdiction.

## IV. CONCLUSION

For the reasons stated above, the Court will dismiss without prejudice Olivo's Section 2241 petition for lack of subject-matter jurisdiction and direct the Clerk of Court to close this case. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania